# In the United States District Court for the Southern District of Georgia Brunswick Division

LATISHA DENISE FARROW,

    Plaintiff,

v.

RICH'S PRODUCT CORPORATION, DANIELLE KLEIN, KADEEM JOHNSON, and MIKE CALLAWAY,

    Defendants.

CV 2:23-065

## ORDER

Before the Court is a motion to dismiss filed by Defendants Rich's Product Corporation, Danielle Klein, Kadeem Johnson, and Mike Callaway. Dkt. No. 7. Plaintiff has responded in opposition, dkt. no. 11, and the motion is ripe for review.

### BACKGROUND[1]

Plaintiff began her employment with Rich's Product Corporation ("Rich's) in February 2018. Dkt. No. 4-1 at 2. Her "last held position [with Rich's] was Initial Process Operator." Id.  In or around October 2021, a transgender employee began

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

following her around the workplace (in the locker room, break room, and bathroom), staring at her, and commenting about her body. Id. Plaintiff complained to Travis Randolph, Group Lead, about the harassment, but it continued. Id. Plaintiff then complained to Danielle Klein, the Human Resources ("HR") Manager, that she was uncomfortable sharing a locker room with a transgender employee and that the employee wore inappropriate work attire. Id. Ms. Klein gave Plaintiff a handout on sexual harassment and told Plaintiff she "could be discharged for discussing the issue." Id.

On November 9, 2021, Plaintiff complained to Kadeem Jackson, Floor Manager Production, about the ongoing harassment, and he asked Plaintiff to write a statement. Id. Mr. Jackson then met with Plaintiff and the accused employee, at which time the employee "substantiated [Plaintiff's] complaints." Id. Nevertheless, the harassment continued. Id.

On November 11, 2021, the employee "confronted [Plaintiff] in the bathroom." Id. Plaintiff "immediately complained to HR" that she "feared for [her] safety." Id. On November 18, 2021, Plaintiff was discharged "for threatening [the employee] in the bathroom." Id.; see also Dkt. No. 1 at 4.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 1, 2022. Dkt. No. 4-1 at 2. Therein, Plaintiff indicated her complaint was due to discrimination based on retaliation, race (African-American),

2

and sex. Id. The EEOC issued a Determination and Notice of Rights on March 1, 2023, advising Plaintiff that, should she choose to file a lawsuit, her lawsuit must be filed within ninety days of receipt of the notice. Dkt. No. 1 at 7.

Plaintiff initiated this action on May 31, 2023. Dkt. No. 1. Therein, she alleges race and gender/sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Id. at 3, 4. Plaintiff seeks "pain and suffer[ing] from eviction[ and] harassment" and demands $50,000 in damages. Dkt. No. 4-1 at 1.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr.

3

for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

4

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. 1321-23.

Here, Plaintiff's amended complaint falls under two of the shotgun pleading categories. First, Plaintiff's amended complaint "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. For example, Plaintiff's complaint itself is a form complaint wherein she checks boxes for "termination of [] employment" and

5

race and sex discrimination, but the complaint contains no factual allegations whatsoever. See Dkt. No. 1. Plaintiff's factual allegations are contained in a separate, supplemental document which contains one handwritten page, a copy of Plaintiff's Charge of Discrimination filed with the EEOC, and copies of several text messages. See Dkt. No. 4-1. Plaintiff does not connect her factual allegations to a specific cause of action.

Secondly, Plaintiff's complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." See Weiland, 792 F.3d at 1323. Therefore, the Court concludes Plaintiff's complaint is a shotgun pleading.

"[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)). Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).

6

Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss, dkt. no. 7, is **DENIED** at this time. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED**, this 21 day of August, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA